■ ALICE B. TREINIS, as Executrix of ROGER D. TREINIS, Deceased, Respondent, v DEEPDALE GENERAL HOSPITAL, INC., Appellant, and SUNG KWANG LEE et al., Respondents.—In a medical malpractice action to recover damages for personal injuries and wrongful death, the defendant Deepdale General Hospital appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated October 31, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and any and all cross claims asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

Upon our review of the record, we conclude that the respondents failed to raise a triable issue of fact sufficient to defeat the defendant hospital's claim that its purported negligence was not a proximate cause of the injuries sustained by the plaintiff's decedent.

The pertinent facts with respect to the hospital's claim are, in the main, undisputed. They are set forth in detail in an affidavit by Dr. Michael Schechtman submitted in support of the hospital's motion for summary judgment, but can be summarized briefly for purposes of this appeal.

On June 25, 1986, the plaintiff's decedent, Roger D. Treinis, was admitted to the hospital for a surgical repair of a torn achilles tendon. He had elevated blood pressure but was cleared for surgery by his private physician. As Mr. Treinis was being prepared for surgery, and during the course of the operation, he was given various medications to control his blood pressure.

After surgery, and while he was in the recovery room, the patient's blood pressure remained elevated. An attending physician ordered the nursing staff to immediately administer nipride, but the nurses refused, citing hospital regulations that prohibited administration of such medication unless the patient was in the intensive care unit. The attending physician also ordered that Mr. Treinis be transferred to the intensive care unit so that the nipride could be administered, but it took the hospital approximately one hour to move the patient because no beds were available. In the meantime, while still in the recovery room, the patient received additional anti-hypertensive medications with positive results, and his blood pressure level improved somewhat.

After Mr. Treinis was moved to the intensive care unit, he was given nipride, but the medication did not have a positive effect on his blood pressure. Additional medications were ordered by a cardiologist, but the patient's condition worsened, and he developed respiratory difficulty. A pulmonary specialist placed him on a respirator, but his condition continued to deteriorate. Mr. Treinis died approximately 16 hours after he was moved to the intensive care unit. An autopsy report attributed the cause of death to a previously undiagnosed tumor and heart failure.

The opinion expressed in Dr. Shechtman's affidavit, which he states is based on a reasonable degree of medical certainty, is that the hospital staff acted properly with respect to the medical care of Mr. Treinis. He also expressed an opinion that

the treatment by the hospital did not cause or contribute to the patient's demise.

Several of the respondents opposed the motion on the ground that a triable issue of fact exists with respect to the hospital's liability because the nursing staff refused to immediately administer nipride, and delayed transferring the patient to the intensive care unit where the medication was finally administered.

The hospital submitted a supplemental affidavit from Dr. Shechtman acknowledging that the nursing staff refused to comply with the order to administer nipride with the patient still in the recovery room. However, he stated that such conduct was proper because the administration of nipride is contra-indicated outside of a critical care unit where constant monitoring is available. In any event, according to Dr. Shechtman, the refusal to administer nipride immediately, and the delay in transferring the patient, was of no consequence, as the patient's blood pressure was reduced in the recovery room without the administration of nipride, and when nipride was administered in the intensive care unit, it did not have a positive effect. Dr. Shechtman reiterated his opinion that the patient's malignant hypertension was caused by a rare tumor, a condition that was not discovered until his death, and that the treatment he received from the hospital staff did not cause or contribute to his death.

The Supreme Court denied the motion for summary judgment, finding that there were triable issues of fact. We now reverse.

On this record, the hospital's submissions in support of its motion for summary judgment constituted a prima facie showing warranting judgment, as a matter of law, if not rebutted by the respondents. Dr. Shechtman's affidavits were sufficient to establish that the hospital's alleged departures from accepted medical practices were not a proximate cause of the injuries sustained by the plaintiff's decedent (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325; *Amsler v Verilli*, 119 AD2d 786). Since the defendant hospital's submissions were sufficient to establish its entitlement to judgment as a matter of law, the burden shifted to the respondents to produce evidentiary proof in admissible form establishing the existence of a material issue of fact. However, the respondents failed to submit any affidavit or deposition from a medical expert expressing the opinion that the hospital's alleged departures from accepted medical standards were a competent producing cause of the death of the plaintiff's decedent (see, *Alvarez v*

*Prospect Hosp., supra; Amsler v Verilli, supra).* Accordingly, the hospital's motion for summary judgment is granted. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.