■ MARY SCHAEFER et al., Respondents, v ROBERT MARCHIANO, Appellant, et al., Defendant. [597 NYS2d 470] —In a medical malpractice action to recover damages for personal injuries, etc., the defendant Robert Marchiano appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated April 2, 1991, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

In this medical malpractice action, the plaintiff alleges that the defendant Robert Marchiano departed from good and accepted medical practice when he failed to diagnose the plaintiff Mary Schaefer's breast cancer in March 1981. In October 1981 the plaintiff underwent a radical left mastectomy.

The gravamen of the plaintiffs' claim is that the appellant's examination of the injured plaintiff was inadequate, and his recommendation for a mammography was insufficient. The plaintiffs claim that the appellant should have ordered a biopsy in addition to mammography.

In support of his motion for summary judgment, the appellant submitted an expert's affidavit to the effect that his examination of the injured plaintiff and his recommendation of the mammography were in conformity with good and accepted medical practice. This affidavit established prima facie his entitlement to summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320).

In response to the affidavit of the appellant's expert, the plaintiffs submitted an attorney's affirmation referring to three photostated pages from a medical text. The plaintiffs did not produce an affidavit from a medical expert showing a deviation by the appellant from accepted medical practices. Thus, they did not meet the standard of evidence required to rebut the motion for summary judgment by demonstrating a triable issue of fact (see, Wert v Lenox Hill Hosp., 151 AD2d 474). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.