■ CATHERINE E. McMAHON et al., Respondents, v JAMES D. BADIA et al., Appellants. [600 NYS2d 143] —In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated April 17, 1991, which denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff alleges that a delay in treatment

allegedly caused by the negligence of the defendants required her to undergo a disfiguring mastectomy where a simple lumpectomy would have sufficed upon a timely diagnosis. She asserts that the defendant Badia, the radiologist who performed the mammogram of the plaintiff's breast in May 1987, misinterpreted that mammogram, which resulted in an eight-month delay before the cancer was diagnosed and treated by another doctor. As to the plaintiff's family doctor, the defendant Guccione, the plaintiff alleges that following the mammogram he told her that everything was fine, notwithstanding her complaints of pain and soreness of the breast and Dr. Guccione's awareness of the fact that she had a small lump in her left breast. After joinder of issue, each defendant separately moved for summary judgment dismissing the complaint as against himself. The Supreme Court denied the motions. We affirm.

It is well settled that to oppose a defendant's summary judgment motion in a medical malpractice action, a plaintiff must submit evidentiary facts or materials to rebut the physician's showing that he was not liable for the plaintiff's injuries (see, Filecca v Massapequa Gen. Hosp., 63 NY2d 639; see also, Kracker v Spartan Chem. Co., 183 AD2d 810; Amsler v Verrilli, 119 AD2d 786). We find that the plaintiffs did so in this case. The moving defendants claimed, among other things, that the type of tumor involved would have required the mastectomy even if the injured plaintiff had been operated on earlier. In opposition, the plaintiffs submitted, inter alia, the affidavit of Terence W. Murphy, M.D. He stated, upon a review of various medical records and reports, that at the time of the mammogram the tumor ultimately removed was not attached to the patient's nipple, but was so attached eight months later when the cancerous lesion was diagnosed. As a result, a simple removal of the tumor with local radiation (lumpectomy), could no longer be performed, requiring a more disfiguring radical mastectomy. At minimum, this affidavit raises an issue with respect to the defendants' contention that any delay which might be attributable to them was not the proximate cause of the injury complained of, an operation which was more disfiguring than it had to be.

Viewing the evidence in the light most favorable to the plaintiff, we conclude that material issues of fact exist, particularly as to whether the alleged departures from accepted practice by Dr. Badia and Dr. Guccione in May and June of 1987, caused or contributed to the injured plaintiff's injuries (see, Gross v Friedman, 73 NY2d 721; Treyball v Clark, 65

NY2d 589). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.