■ STEVEN J. SPAETH, Respondent, v THEODORE GOLDBERG et al., Defendants, and ROBERT H. KRAMER, Appellant. [670 NYS2d 329] —In an action, inter alia, to recover damages for medical malpractice, the defendant Robert H. Kramer appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), entered January 15, 1997, as denied that branch of the cross motion of the defendants Theodore Goldberg and Robert H. Kramer which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was for summary judgment insofar as asserted against the defendant Robert H. Kramer is granted, the complaint is dismissed as against the appellant, and the action against the remaining defendants is severed.

In support of that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, the appellant demonstrated, prima facie, that he had not departed from good and accepted standards of medical practice in his treatment of the plaintiff's decedent (see, Gehres v Central Gen. Hosp., 236 AD2d 587; Schaefer v Marchiano, 193 AD2d 664). Among other things, the appellant

established that on the single occasion that he treated the plaintiff's decedent, he obtained her medical history, conducted an unremarkable manual examination of her breasts, referred her for a mammogram, and later reviewed the radiological report which indicated that no abnormalities were present. In opposition, the plaintiff's expert offered only conclusory opinions which did not refute the appellant's prima facie showing, and which were insufficient to demonstrate the existence of genuine issues of fact (*see, Leon v Southside Hosp.,* 227 AD2d 384; *Marinaccio v Society of N. Y. Hosp.,* 224 AD2d 595; *Guida v Hsu,* 187 AD2d 485). Accordingly, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.