■ IRA KAPLAN, Respondent, v HAMILTON MEDICAL ASSOCIATES, P. C., et al., Appellants, et al., Defendants. [692 NYS2d 674] —In an action to recover damages for medical malpractice, (1) the defendant Kamram Hashemi appeals, and the defendants Mount Sinai Medical Center, Glenn S. Hammer, and Robert Phillips separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Levine, J.), entered September 24, 1998, as amended by an order of the same court dated October 16, 1998, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants Hamilton Medical Associates, P. C., and Irving Schnitzler appeal, as limited by their brief, from so much of the order dated October 16, 1998, as denied their motion for summary judg-

ment dismissing the complaint insofar as asserted against them.

Ordered that the appeals from the order entered September 24, 1998, are dismissed, as that order was superseded by the order dated October 16, 1998; and it is further,

Ordered that the order dated October 16, 1998, is reversed, on the law, the motions for summary judgment are granted, the complaint is dismissed insofar as asserted against the appellants, the order entered September 24, 1998, is vacated, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The affidavits of Drs. Mark Goldberger, David Holden, and Joseph Lamantia, submitted by the appellants in support of their respective motions for summary judgment, made a prima facie showing sufficient to warrant judgment in their favor as a matter of law dismissing the instant medical malpractice action insofar as asserted against them (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). The burden then shifted to the plaintiff to lay bare his proof and demonstrate the existence of a triable issue of fact (*see, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *Spaeth v Goldberg,* 248 AD2d 704; *McMahon v Badia,* 195 AD2d 445; *Schaefer v Marchiano,* 193 AD2d 664).

The affidavit of the plaintiff's expert merely stated in conclusory terms that the appellants should have diagnosed and treated his bacterial endocarditis sooner. The expert did not adequately differentiate between the different appellants who treated the plaintiff at different times. In fact, the defendant Dr. Robert Phillips, who was not consulted until after the plaintiff's emboli had formed and traveled to his brain, is not mentioned at all in the affidavit. Moreover, the expert made conclusory statements as to the appellants' respective examinations and testing of the plaintiff based either on facts not in evidence or which directly contradicted the evidence. The expert also failed to address the contentions of one of the appellants' experts, Dr. Mark Goldberger, that in order to prevent the plaintiff's embolism, antibiotics would have had to have been administered to the plaintiff before he presented himself to any of the appellants. Accordingly, the affidavit was insufficient to meet the plaintiff's burden of showing a triable factual issue (*see, Holbrook v United Hosp. Med. Ctr., supra*; *Spaeth v Goldberg, supra*; *Kramer v Rosenthal,* 224 AD2d 392). Ritter, J. P., Santucci, McGinity and Luciano, JJ., concur.