■ LENNORA SPICER, as Administrator of the Estate of KATHERINE SPICER, Deceased, Respondent, v COMMUNITY FAMILY PLANNING COUNCIL HEALTH CENTER et al., Appellants, et al., Defendants. [707 NYS2d 466] —In an action to recover damages for wrongful death, the defendants Community Family Planning Council Health Center and Denise Sutherland appeal from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated July 7, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The Supreme Court improperly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. The appellants' motion was supported by expert medical evidence establishing their prima facie entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Specifically, their medical expert offered his opinion that upon providing prenatal care to the plaintiff's decedent, the appellants did not deviate from good and accepted medical practice.

In opposition to the motion, the plaintiff provided an at-

torney's affirmation and photocopied excerpts from a medical textbook. The plaintiff did not, however, produce an affidavit of a medical expert demonstrating that the appellants deviated from accepted medical practice. Thus, they did not meet the standard of evidence required to defeat the appellants' motion (*see, Orr v Meisel,* 248 AD2d 451; *Schaefer v Marchiano,* 193 AD2d 664; *Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605, 607-608). O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.