■ VICTORIA DAVENPORT et al., Appellants, v COUNTY OF NASSAU et al., Respondents, et al., Defendant. [719 NYS2d 126] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated March 15, 1999, which granted the separate motions of the defendants County of Nassau and Nassau County Medical Center, the defendant Mercy Medical Center s/h/a Mercy Hospital, the defendant Albert Giannone, and the defendants Robert Daly, Ira Fastlich, Marvin Nash, and Island Radiological Services, P. C.,

for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint in its entirety.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was 29 years old when he was diagnosed with stage IV non-Hodgkins lymphoma in September of 1992. In late July and early August 1992 he was admitted to the two defendant hospitals, where he was examined and tested extensively for complaints of nausea and vomiting. He was not diagnosed with the late-stage cancer, however, until six weeks after his first hospitalization. Despite an intensive course of treatment, he died in January 1993. The plaintiff, the administrator of the decedent's estate, alleged in the complaint that the delay in diagnosis affected the ability to properly treat and cure the decedent. The defendants presented expert medical affidavits in support of their separate motions indicating that the treatment administered did not deviate from the accepted medical practice and procedure, and that, in any event, the six-week delay in diagnosis did not affect the decedent's prognosis, which would have been essentially the same even had the malignancy been found six months earlier.

Since all of the defendants met their prima facie burden of submitting proof in evidentiary form sufficient to demonstrate the absence of any material issue of fact (see, CPLR 3212 [b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Zuckerman v City of New York, 49 NY2d 557, 562), the burden shifted to the plaintiff to produce evidentiary proof to establish the existence of a triable issue of fact (see, Zuckerman v City of New York, supra). The expert affidavit submitted by the plaintiff in opposition to the respective motions was insufficient to sustain that burden.

Specifically with regard to the defendant doctors Robert Daly, Ira Fastlich, and Marvin Nash, who were associated with the defendant Island Radiological Services, P. C., the plaintiff's expert omitted any discussion of their role in the alleged malpractice, thus failing to raise an issue of fact. Furthermore, the expert's conclusory and unsupported opinions regarding the defendant Dr. Giannone's conduct did not refute his prima facie showing and were insufficient to demonstrate the existence of a genuine issue of fact as to him (see, Spaeth v Goldberg, 248 AD2d 704; Marinaccio v Society of N. Y. Hosp., 224 AD2d 595).

The plaintiff also failed to rebut the prima facie showing of the defendant Mercy Medical Center, s/h/a Mercy Hospital, that the individual defendants were not its employees, but

were independent physicians at the time the decedent was a patient in that hospital. Therefore, summary judgment was properly awarded to that defendant (*see, Steiner v Brookdale Hosp. Med. Ctr.,* 241 AD2d 516; *Sledziewski v Cioffi,* 137 AD2d 186). With regard to the defendants County of Nassau and Nassau County Medical Center, the plaintiff offered only the affirmation of her counsel, which was "without evidentiary value and thus unavailing" (*Zuckerman v City of New York, supra,* at 563).

In the absence of any admissible evidence that the defendants' conduct was a substantial factor in causing the death of the plaintiff's decedent, the Supreme Court properly granted the motions for summary judgment, dismissing the complaint in its entirety (*see, Ferrara v South Shore Orthopedic Assocs.,* 178 AD2d 364; *Mortensen v Memorial Hosp.,* 105 AD2d 151, 158). Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.