■ MAHER ISHAK, as Administrator of the Estate of FAYZA ISHAK, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 90867.) [725 NYS2d 233] —In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from a judgment of the Court of Claims (O'Rourke, · J.), dated November 5, 1999, which, after a nonjury trial, dismissed the claim.

Ordered that the notice of appeal from a decision of the Court of Claims dated September 24, 1999, is deemed to be a premature notice of appeal from the judgment (see, CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The instant claim arises out of a motor vehicle accident on Route 6 on May 24, 1992. The decedent, Fayza Ishak, was driving her vehicle on the eastbound side of the highway when a Ford Taurus from the westbound side of the highway crossed over the double yellow line and entered her lane of travel. The decedent was killed on impact. According to an eyewitness, the Ford Taurus crossed over the double yellow line to pass a slower-moving vehicle. The claimant alleged that the accident was caused by the existence of a confusing traffic sign. Following a nonjury trial on the issue of liability, the Court of Claims

found that the sign conformed to traffic regulations in effect at the time the roadway was constructed, and assuming that the sign was confusing, it was not a proximate cause of the accident. We affirm.

Even if, as the appellant contends, the subject sign was confusing, he failed to offer sufficient evidence that its design was a proximate cause of the accident (*see, Davenport v County of Nassau,* 279 AD2d 497).

The appellant's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.