■ VERALINDA SCALLY, Appellant, v MICHAEL WEINTRAUB et al., Respondents. [742 NYS2d 912] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated December 11, 2000, which granted the defendants' respective

motions for summary judgment dismissing the complaint insofar as asserted against them, (2) a judgment of the same court, entered December 18, 2000, dismissing the complaint insofar as asserted against the defendant Putnam Hospital Center, and (3) a judgment of the same court, entered December 22, 2000, dismissing the complaint insofar as asserted against the defendant Michael Weintraub.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them. The motions were supported by expert medical evidence establishing their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In opposition, the plaintiff provided an attorney's affirmation and her own affidavit. She failed to submit an affidavit of a medical expert demonstrating that the defendants deviated from good and accepted medical practice. Thus, the plaintiff did not meet the standard of evidence required to defeat the motions (*see Spicer v Community Family Planning Council Health Ctr.,* 272 AD2d 317; *Schaefer v Marchiano,* 193 AD2d 664). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.