WILLIAM SCHRADER, Appellant-Respondent, v SUNNYSIDE CORPORATION, Respondent-Appellant. [747 NYS2d 26]

The incident occurred while the plaintiff was attempting to light charcoal briquettes in an outdoor grill using denatured alcohol manufactured, distributed, and/or sold by the defendant, Sunnyside Corporation. The plaintiff testified that he placed a large amount of briquettes inside the grill and sprinkled the denatured alcohol from the can over the coals. He stated that he held the can in his left hand by the left side of his body, while the right side of his body was turned to the grill, approximately 14 to 15 inches away from the grill. The plaintiff, using his right hand, dropped a matchbook containing three lighted matches into the grill and onto the charcoal briquettes. The plaintiff testified that after he heard a "loud bang" or "explosion," he was on fire. The plaintiff contended that he did not know how the flame or spark got into the can for it to have exploded, and further asserted that he believed that at the time of explosion, the top of the can was still open.

The plaintiff commenced this action alleging common-law negligence, strict products liability, breach of express and implied warranties, and failure to warn, and the defendant answered. After the conclusion of discovery, the defendant moved for summary judgment on several grounds and separately moved to preclude the plaintiff's use of an expert; the plaintiff cross-moved to strike the defendant's answer based upon failure to comply with disclosure requests and separately cross-moved for leave to amend his complaint and to supplement his bill of particulars to allege a new cause of action on a theory of "misbranding" of the defendant's product, i.e., the can of denatured alcohol, in violation of the Federal Hazardous Substance Act (hereinafter FHSA). The Supreme Court denied in part and granted in part the defendant's motion for summary judgment, such that the plaintiff's complaint was dismissed except as to causes of action asserted against the defendant sounding in common-law negligence and strict products liability based on design defects. The Supreme Court denied the defendant's motion to preclude and denied the plaintiff's cross motions. The plaintiff appeals and the defendant cross-appeals from the order.

Initially, the plaintiff's argument that the defendant's summary judgment motion was untimely because it was made more than 120 days after the note of issue was filed and thus should not have been entertained by the court is without merit. CPLR 3212 (a), as amended effective January 1, 1997, requires a motion for summary judgment to be made within 120 days after the filing of the note of issue, except "with leave of court on good cause shown" (CPLR 3212 [a]; L 1996, ch 492; *see Gonza-*

*lez v 98 Mag Leasing Corp.,* 95 NY2d 124, 128-129). Under the circumstances of this case, the Supreme Court properly exercised its discretion in allowing the defendant to serve a late motion for summary judgment, and therefore properly entertained the motion on the merits.

It is well settled that the statute of limitations applicable to a breach of warranty claim, whether express or implied, begins to run at the time the product is placed in the stream of commerce or at the time of sale by the manufacturer (*see Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 412; *Doyle v Happy Tumbler Wash-O-Mat,* 90 AD2d 366, 370-371). Accordingly, the trial court properly granted the defendant's summary judgment motion as it pertained to the plaintiff's causes of action sounding in breach of express or implied warranties.

The plaintiff's assertions in his complaint that the label on the can of denatured alcohol was deficient because it did not contain additional warnings which were not mandated by FHSA were preempted (*see Wallace v Parks Corp.,* 212 AD2d 132). Accordingly, the plaintiff's causes of action based on failure to warn were properly dismissed.

However, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence and strict products liability causes of action based on the plaintiff's claim of design defect. When the defendant moved for summary judgment and established its prima facie entitlement to judgment as a matter of law, the burden shifted to the plaintiff to produce evidence, in admissible form, demonstrating that material issues of fact existed (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). It is well settled that expert opinions that are conclusory or unsupported by the record are insufficient to raise triable issues of fact (*see Davenport v County of Nassau,* 279 AD2d 497; *Spaeth v Goldberg,* 248 AD2d 704). In the present case, the conclusory assertions proffered by the plaintiff's expert in his affidavit were insufficient to defeat the defendant's motion for summary judgment.

The plaintiff's cross motion for leave to amend his complaint to add a cause of action based upon a violation of FHSA labeling requirements was properly denied. "Although leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]), leave is properly denied where [as here] the proposed amendments are devoid of merit and are legally insufficient" (*Duffy v Wetzler,* 260 AD2d 596, 597).

Further, the plaintiff's cross motion to strike the defendant's

answer because of failure to provide certain discovery information was properly denied. If a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to notice duly served, the court may make * * * an order striking out pleadings" (CPLR 3126). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion for the court" (*Soto v City of Long Beach,* 197 AD2d 615, 616). Here, the lack of requested information was due to the defendant's inability to obtain a specific file located in another law firm's office in Louisiana, and not a willful or contumacious refusal on defendant's part. Accordingly, the drastic remedy of striking a pleading would have been inappropriate, and the trial court properly exercised its discretion in denying the plaintiff's cross motion to strike the defendant's answer.

The plaintiff's remaining contentions are without merit.

In light of our determination, we need not address the defendant's remaining contentions. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.