■ PATRICIA THOMAS, Respondent, v CARL M. RICHIE et al., Respondents, and ROBERT HAAR, Appellant. [777 NYS2d 758]—

In an action to recover damages for medical malpractice, the defendant Robert Haar appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 6, 2000, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that he failed to include an affidavit of a medical expert in his motion papers. However, the appellant established his prima facie entitlement to summary judgment by submitting, inter alia, his own deposition testimony, deposition testimony of other defendant physicians, and medical records. An affidavit of an independent medical expert was not required here (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Toomey v Adirondack Surgical Assoc.,* 280 AD2d 754 [2001]). In opposition to the motion, the plaintiff submitted only the affirmation of counsel. The plaintiff failed to submit any affidavit from a medical expert to support the malpractice claim and to refute the appellant's submissions. The plaintiff thus failed to meet her burden of coming forward with appropriate evidentiary material establishing the existence of a triable issue of fact (*see Alvarez v Prospect Hosp., supra; Spicer v Community Family Planning Council Health Ctr.,* 272 AD2d 317 [2000]; *Damen v North Shore Univ. Hosp.,* 262 AD2d 598 [1999]). Accordingly, the appellant's motion for summary judgment should have been granted. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.