■ YOLANDA CHANCE, Appellant, v KENNETH S. FELDER, Defendant, and FRED GOTTLIEB, Respondent. [823 NYS2d 172]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Patterson, J.), dated September 29, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Fred Gottlieb, and (2) so much of a judgment of the same court entered November 3, 2004, as, upon the order, is in favor of the defendant Fred Gottlieb and against her dismissing the complaint insofar as asserted against that defendant. The plaintiff's notice of appeal from the order is deemed to also be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On a motion for summary judgment dismissing the complaint in a medical malpractice action, "the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Williams v Sahay, 12 AD3d 366, 368 [2004]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Johnson v Queens-Long Is. Med. Group, P.C., 23 AD3d 525, 526 [2005]; Taylor v Nyack Hosp., 18 AD3d 537, 538 [2005]). Failure to make a prima facie showing requires denial of the motion, "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., supra at 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Drago v King, 283 AD2d 603, 603 [2001]). Once the defendant has made a prima facie showing, the burden shifts to the plaintiff to lay bare his or her

proof and demonstrate the existence of a triable issue of fact (*see Bertini v Columbia Presbyt. Med. Ctr.,* 279 AD2d 492, 493 [2001]; *Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]).

Contrary to the plaintiff's contention, the expert affidavit submitted by the defendant Fred Gottlieb was sufficient to demonstrate his prima facie entitlement to summary judgment on the issue of whether the laser treatment he performed on the plaintiff's left eye on April 28, 2000, was the proximate cause of loss of vision in the eye. The expert's opinion had a factual foundation in the record and adequately addressed the allegations of the plaintiff's bill of particulars as to Gottlieb. Accordingly, the Supreme Court correctly determined that Gottlieb made a prima facie showing of entitlement to summary judgment on the issue of proximate cause (*see Vogel v Deutsch,* 16 AD3d 489, 489-490 [2005]; *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *cf. Wasserman v Carella,* 307 AD2d 225, 226 [2003]; *Berkey v Emma,* 291 AD2d 517, 518 [2002]; *Cicolello v Limb,* 216 AD2d 434, 434 [1995]).

In opposition to Gottlieb's prima facie showing, the plaintiff failed to raise a triable issue of fact. Her expert's affirmation failed to address specific contentions of Gottlieb's expert with respect to the issue of proximate cause and, thus, was insufficient to defeat Gottlieb's motion (*see Ramirez v Columbia-Presbyterian Med. Ctr.,* 16 AD3d 238, 239 [2005]; *Slone v Salzer,* 7 AD3d 609, 610 [2004]; *Bourgeois v North Shore Univ. Hosp. at Forest Hills,* 290 AD2d 525, 526 [2002]; *Fhima v Maimonides Med. Ctr.,* 269 AD2d 559, 560 [2000]; *Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]; *Spaeth v Goldberg,* 248 AD2d 704, 705 [1998]; *Marinaccio v Society of N.Y. Hosp.,* 224 AD2d 595, 595 [1996]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.