JOHN MICCIOLA et al., Appellants, v ROBERT STEPHEN SACCHI et al., Defendants, and ASHA MITTAL et al., Respondents. [828 NYS2d 572]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 29, 2005, as granted the separate cross motions of the defendant Asha Mittal, the defendants Sylvie Bastadjian and University Physicians Group, P.C., and the defendant Alex Racco for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Plaintiff John Micciola (hereinafter the plaintiff) was

employed as a longshoreman from 1967 until approximately 2002. From 1967 to 1986 he worked as a mechanic when he was exposed to asbestos. He also smoked $1^1/_2$ to 2 packs of cigarettes a day for 30 years, quitting in 1990 or 1991. As a union member, commencing in 1967, the plaintiff went to the defendant NYUSA-ILA Medical Center of Brooklyn, Inc., doing business as Brooklyn Longshoremen's Medical Center (hereinafter the ILA Clinic), for general medical care. One of the physicians he saw at the ILA Clinic was defendant Dr. Asha Mittal, who was an internist. Dr. Mittal saw the plaintiff on approximately seven different occasions from 1994 until the ILA Clinic closed in 2000, treating the plaintiff primarily for gout, high cholesterol, and on two occasions in June 1999 for a sore throat which was successfully treated with antibiotics. Additionally, during this time, the plaintiff had a series of routine chest X-rays taken, the reports of which were reviewed by Dr. Mittal. The radiologist report for the X-ray taken in 1994 identified "fibrous scarring" at the right apex "consistent with prior inflammatory disease." The plaintiff's next series of chest X-rays, done in 1996, were interpreted by a radiologist as showing "pleural thickening." The plaintiff's last two sets of chest X-rays done in 1998 and 2000 were interpreted by the radiologists as "unremarkable" and "[n]o acute chest disease," respectively.

After the ILA Clinic closed in 2000, the defendant Dr. Sylvie Bastadjian, another internist, was the plaintiff's primary care physician. She saw the plaintiff on approximately two occasions for complaints of knee and hand pain. In late 2000, when Dr. Bastadjian left the practice of medicine, another internist, the defendant Dr. Alex Racco, became the plaintiff's primary care physician. Dr. Racco first saw the plaintiff on November 6, 2000, when the plaintiff's chief complaints were arthritis, gout, and high cholesterol. At his second visit, for a review of blood test results, the plaintiff reported snoring and insomnia and was referred to a sleep study. On October 15, 2001 the plaintiff felt pain in his ribs and coughed up blood after a heavy workout. On November 9, 2001, when it happened again, the plaintiff went to see Dr. Racco, who sent him to the hospital. A large mass was discovered in the right upper lobe of the plaintiff's lung. On January 10, 2002 the plaintiff had a lobectomy of the lung and learned that he had cancer.

This action was subsequently commenced alleging, inter alia, that the defendants Mittal, Bastadjian, University Physicians Group, P.C. (Bastadjian's employer), and Racco (hereinafter collectively the defendants) were negligent in failing to timely diagnose the plaintiff's lung cancer. The defendants cross-moved

for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In opposition, the plaintiffs argued essentially that triable issues of fact existed as to whether the defendants failed to adequately investigate what the plaintiffs' medical expert opined were signs and symptoms of lung cancer. The Supreme Court granted the respective cross motions of the defendants and this appeal ensued.

The affidavits of the defendants' medical experts submitted in support of their cross motions for summary judgment made a prima facie showing sufficient to warrant judgment in their favor as a matter of law dismissing the complaint and all cross claims insofar as asserted against them (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The burden then shifted to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609, 610 [1999]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358 [1998]; *Spaeth v Goldberg,* 248 AD2d 704 [1998]; *McMahon v Badia,* 195 AD2d 445 [1993]).

Here, the affidavit of the plaintiffs' medical expert was conclusory, speculative, and based on an incorrect understanding of the facts. Nowhere in the record was the plaintiff ever diagnosed with either "chronic obstructive pulmonary disease," "recurrent bronchitis," or "pulmonary osteoarthropathy" which the plaintiffs' expert claims are signs or symptoms of lung cancer. There is also no foundation for the expert's claim that the plaintiff's elevated calcium levels, as discovered by Dr. Racco, were related to his undiagnosed lung cancer. Indeed, a later blood test disclosed normal calcium levels. Further, contrary to the plaintiffs' expert's claim, the plaintiff's last two X-ray reports do not reveal increasing densities in the right upper lobe. Rather, the radiologists' reports indicate that the lungs were unremarkable and there was no significant interval change.

"[E]xpert opinions that are conclusory or unsupported by the record are insufficient to raise triable issues of fact" (*Schrader v Sunnyside Corp.,* 297 AD2d 369, 371 [2002]; *see Fhima v Maimonides Med. Ctr.,* 269 AD2d 559 [2000]). Here, the plaintiff presented himself to each of the defendants with no signs, symptoms or complaints that would prompt a physician in the exercise of due care to suspect lung cancer. It is apparent that the plaintiffs' expert's opinions to the contrary are nothing more than hindsight reasoning which is insufficient to defeat summary judgment (*see e.g. Zawadzki v Knight,* 76 NY2d 898 [1990]). Further, contrary to the plaintiffs' contention, the defendants, as internists, properly relied upon the expertise of

the radiologists and had no duty to independently review and interpret the X-ray films themselves (*see Machac v Anderson,* 261 AD2d 811, 813 [1999]; *Chulla v DiStefano,* 242 AD2d 657 [1997]). "[A] specialist may be held liable where a general practitioner may not" (*Toth v Community Hosp. at Glen Cove,* 22 NY2d 255, 262 [1968]). Accordingly, the Supreme Court correctly granted the defendants' cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

In light of our determination, we need not address defendant Mittal's remaining contention. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.