■ ANN DiGIARO, Respondent, v KISHORE AGRAWAL et al., Defendants, and VINCENT M. SOTTILE, Appellant. [839 NYS2d 212]—

In an action to recover damages for medical malpractice, the defendant Vincent M. Sottile appeals from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated February 9, 2006, as, upon reargument, adhered to so much of a prior determination of the same court in an order dated June 13, 2005, as denied that branch of his motion, made jointly with the defendant Kishore Agrawal, which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof, which, upon reargument, adhered to so much of the original determination in the order dated June 13, 2006, as denied that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to re-

cover damages based upon alleged acts of medical malpractice occurring before November 26, 1997, against the defendant Vincent M. Sottile and substituting therefor a provision, upon reargument, vacating that portion of the original determination and granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As a general rule, we do not consider an issue raised on a subsequent appeal that was raised on a prior appeal or could have been raised on a prior appeal which was dismissed for lack of prosecution, although the court has the inherent jurisdiction to do so (see *Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]; *Sargent v Klein & Eversoll, Inc.*, 31 AD3d 736, 737 [2006]). The appellant Vincent M. Sottile appealed from an order dated June 13, 2005, which, inter alia, denied that branch of his motion made jointly with the defendant Kishore Agrawal, which was for summary judgment dismissing the complaint insofar as asserted against him. In a superseding order, the court granted the appellant's motion to reargue and, upon reargument, adhered to its prior determination. This appeal is from the superseding order. In the interim, the earlier appeal was dismissed by decision and order on motion of this Court dated March 16, 2006, for failure to perfect in accordance with the rules of this Court (see 22 NYCRR 670.8 [h]). The better practice would have been for the appellant to withdraw the prior appeal, rather than abandon it. Nonetheless, we exercise our discretion to review the issues raised on the appeal from the order made upon reargument (see *Tierney v Drago*, 38 AD3d 755 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393 [2007]).

The appellant, a gastroenterologist, first saw the plaintiff in late 1996 and early 1997 for complaints of rectal bleeding. He performed a colonoscopy and ordered a barium enema. Based on these procedures, he diagnosed that the bleeding was caused by several large internal hemorrhoids. The plaintiff returned with the same complaint on November 26, 1997. In a series of visits from that date through February 18, 1998, the appellant removed the hemorrhoids by ligation. He did not perform another colonoscopy or order another barium enema. On January 15, 1999, the plaintiff returned to the appellant's office, this time to consult with him regarding another doctor's diagnosis of a hernia and recommendation that she undergo surgery in connection therewith. During this visit, the plaintiff complained of pain in the lower right quadrant of her abdomen. The appel-

lant performed an external exam, did not find evidence of a hernia, but advised the plaintiff to obtain another opinion. That was the last time the appellant saw the plaintiff as a patient. On April 26, 1999 a CAT exam of the plaintiff's abdomen and pelvis revealed a mass in her cecum. After a colonoscopy performed on May 7, 1999 the mass was diagnosed as an adenocarcinoma.

The plaintiff, who commenced this action on April 27, 2000, relies on the doctrine of continuous treatment to avoid the 2½-year statute of limitations bar with regard to the visits prior to November 26, 1997.

The Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged acts of medical malpractice occurring prior to November 26, 1997.

CPLR 214-a provides, in pertinent part, that "[a]n action for medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure." Thus, where the continuous treatment doctrine applies, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405 [1982], quoting Borgia v City of New York, 12 NY2d 151, 155 [1962]; see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]; Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 338 [1997]). The appellant established, as a matter of law, that the course of treatment provided the plaintiff from October 28, 1996 through January 27, 1997 was not related to the condition which gave rise to the action (see Young v New York City Health & Hosps. Corp., supra; Nykorchuck v Henriques, 78 NY2d 255, 258-259 [1991]; Monello v Sottile, Megna, 281 AD2d 463, 464 [2001]). In opposition, the plaintiff failed to raise a material question of fact that would require a trial on this issue (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the doctrine of continuous treatment does not apply to these dates, and so much of the complaint as sought to recover damages based upon alleged acts of medical malpractice occurring prior to November 26, 1997, should have been dismissed as barred by the statute of limitations.

However, the Supreme Court properly denied that branch of

the motion which was for summary judgment dismissing the remainder of the complaint insofar as asserted against the appellant.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *see Feinberg v Feit,* 23 AD3d 517, 518-519 [2005]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]). Thus, "[o]n a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Chance v Felder,* 33 AD3d 645, 645 [2006] [internal quotation marks omitted]; *see Hernandez-Vega v Zwanger-Pesiri Radiology Group,* 39 AD3d 710 [2007]). "Once the defendant has made a prima facie showing, the burden shifts to the plaintiff to lay bare his or her proof and demonstrate the existence of a triable issue of fact" (*Chance v Felder, supra* at 645-646; *see Hernandez-Vega v Zwanger-Pesiri Radiology Group, supra; Micciola v Sacchi,* 36 AD3d 869, 871 [2007]).

Here, the appellant met his initial burden of establishing his entitlement to summary judgment dismissing the complaint insofar as asserted against him by submitting an affirmation in which his expert witness opined, based on his review of the deposition testimony and the medical records, that the appellant appropriately treated the plaintiff on all relevant dates, and that "there were no indications to perform any other tests or procedures while she was under Dr. Sottile's care." He further opined that any alleged delay in the diagnosis of cancer would not have damaged the plaintiff, because, "regardless of any delay in diagnosis . . . the surgery that was performed was the surgery that is performed on all patients with cecal masses such as Mrs. DiGiaro's."

In opposition to the motion, the plaintiff submitted an expert's affidavit stating, among other things, that it was a departure from accepted practice for the appellant not to perform or order another colonoscopy or other test when the plaintiff returned on November 26, 1997, or on any of the other dates of treatment through January 15, 1999. The plaintiff's expert further opined that "had the disease been diagnosed at any earlier stage, such as in polyp form, other, less aggressive means of treatment would have been available." According to the plaintiff's expert, the delay resulted in the denial of other treatment options and was the cause of her requiring a right

hemicolectomy. This was sufficient to raise triable issues of fact as to whether the appellant departed from accepted practice and whether such failure was a substantial factor in causing the plaintiff further damages. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.