SARA ROSEN, Appellant, v JOHN J. FOLEY SKILLED NURS-ING FACILITY et al., Respondents. [846 NYS2d 208]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 7, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must establish (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury (*see Pace v Jakus,* 291 AD2d 436 [2002]; *Berger v Becker,* 272 AD2d 565 [2000]). Here, the defendants established their entitlement to judgment

as a matter of law with respect to the plaintiff's cause of action alleging medical malpractice by demonstrating that they did not depart from the accepted standards of care (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The burden then shifted to the plaintiff to demonstrate the existence of a triable issue of fact (*see Micciola v Sacchi*, 36 AD3d 869 [2007]; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609 [1999]). Contrary to the plaintiff's contentions, the affidavit submitted by her medical expert is conclusory, and did not establish any departure from acceptable standards of skilled nursing care by the defendant John J. Foley Skilled Nursing Facility, particularly given the increased supervision and restraining measures already implemented with respect to the plaintiff's decedent (*see DiGiaro v Agrawal*, 41 AD3d 764 [2007]; *Yamin v Baghel*, 284 AD2d 778, 779 [2001]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 358-359 [1998]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.