OPINION OF THE COURT
Judith N. McMahon, J.
This action was commenced by the plaintiff, Victory State Bank, to recoup funds paid in settlement allegedly as a result of the defendant. It is undisputed that on or about October 2, 2001, the defendant, Ingeborg Vidringstad, presented to Victory *879 State Bank with seven stock certificates issued in the name of Judith Ostebo for Exxon Mobil stock valued at $66,543.36. At that time, Mrs. Ostebo had recently passed away and the defendant indicated that she possessed power of attorney and hence authority to transfer the shares and requested that plaintiff affix a medallion signature guarantee on the certificates in order to sell the shares. The plaintiff then affixed its guarantee upon the certificates.
Thereafter, the executor of the estate of Judith Ostebo became aware of the transfer and made a claim against EquiServe, the stock transfer agent for Exxon. EquiServe thereafter made a claim against Victory State Bank. On or about June 14, 2007, the plaintiff was able to settle the claims against it for $59,890. At the close of business on June 14, 2007, the value of the stock would have been $141,057.28. As a result, Victory State Bank commenced this action against defendant to recover the $59,890 that was paid to settle the claims. Plaintiff is currently moving for summary judgment on the ground that defendant was not the appropriate person to authorize the stock certificates under UCC 8-306 (a).
It is well settled that a “proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once the movant has satisfied this burden, “the burden shifts to the [opponent] to lay bare his or her proof and demonstrate the existence of a triable issue of fact” (Chance v Felder, 33 AD3d 645, 645-646 [2d Dept 2006]; Zuckerman v City of New York, 49 NY2d 557 [1980]). In this regard, the court is enjoined to accept the evidence tendered by the opposing party as true, and “must deny the motion if there is even arguably any doubt as to the existence of a triable issue” (Fleming v Graham, 34 AD3d 525 [2d Dept 2006] [internal quotation marks omitted], quoting Baker v Briarcliff School Dist., 205 AD2d 652, 653 [2d Dept 1994]).
UCC 8-306 (a) provides:
“A person who guarantees a signature of an indorser of a security certificate warrants that at the time of signing:
“(1) the signature was genuine;
“(2) the signer was an appropriate person to indorse, or if the signature is by an agent, the agent had actual authority to act on behalf of the appropri *880 ate person; and
“(3) the signer had legal capacity to sign.”
An appropriate person is defined, if the person is deceased, as “the designated person’s successor taking under other law or the designated person’s personal representative acting for the estate of the decedent” (UCC 8-107 [a] [4]). Further,
“[t]he warranties under this section are made to a person taking or dealing with the security in reliance on the guaranty, and the guarantor is liable to the person for loss resulting from their breach. An indorser or originator of an instruction whose signature, indorsement, or instruction has been guaranteed is liable to a guarantor for any loss suffered by the guarantor as a result of breach of the warranties of the guarantor” (UCC 8-306 [h]).
Here, the plaintiff Victory State Bank has presented sufficient evidence to establish its entitlement to summary judgment as a matter of law (Chance v Felder, 33 AD3d 645, 645-646 [2006]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Specifically, plaintiff presented the last will and testament of Judith Ostebo which did not give defendant any authority to transfer the stock and therefore defendant was clearly not an appropriate person under UCC 8-107. Further, as provided in UCC 8-306 (h) the indorser (here defendant Ingeborg Vidringstad) is liable to the guarantor (here plaintiff Victory State Bank) for any loss suffered.
In opposition, the defendant has failed to raise any triable issues of fact precluding summary judgment (Chance v Felder, 33 AD3d 645, 645-646 [2006]; Zuckerman v City of New York, 49 NY2d 557 [1980]). The defendant does not dispute any of the facts except to contend that under a prior Norwegian will, Judith Ostebo gave the defendant authority to transfer assets. However, it is clearly stated in Judith Ostebo’s will probated in Kings County, New York, that
“I, Judith Ostebo, of the Borough of Brooklyn, County of Kings, City and State of New York, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking any and all Wills and Codicils thereto by me at any time heretofore made.”
As such, the most recent will, executed in Kings County, is the only valid will and, therefore, no authority was ever given to defendant Ingeborg Vidringstad to transfer the stock. As a result, *881 defendant was not an appropriate person pursuant to UCC 8-107, and is liable to the plaintiff for the loss sustained. Therefore, summary judgment was appropriate in favor of the plaintiff for $59,890 plus interest at a rate of 9% per annum from June 14, 2007.
Accordingly, it is ordered that plaintiffs motion for summary judgment in the amount of $59,890 plus interest at the rate of 9% per annum from June 14, 2007, is hereby granted.