DENISE M. COVERT et al., Respondents, v RICHARD F. WALKER et al., Appellants, et al., Defendants. [918 NYS2d 209]—

On April 26, 2005, the defendant pulmonologist Richard F. Walker ordered a CT scan, with contrast, of the thorax of the plaintiffs' decedent, which revealed, among other things, the existence of adenopathy (enlarged lymph nodes), which were of uncertain etiology. Walker considered ordering a biopsy of the decedent's lung tissue at that time, but elected not to do so due to her atrial fibrillation, which was subsequently corrected by a cardioversion procedure on July 7, 2005. On July 20, 2005, Walker ordered a further CT scan of the decedent's thorax, this time without contrast, which revealed, inter alia, the existence of a probable hilar adenopathy, which was "equivocal between reactive and neoplastic [cancerous] adenopathy by size criteria." Walker did not order any further testing to investigate the possibility that these abnormal CT scans were caused by cancer until the decedent presented to him with a paralyzed vocal cord on November 14, 2005. This condition prompted a biopsy of the

decedent's lung tissue, which resulted in a diagnosis of non-small cell carcinoma of the lung. The decedent ultimately died from that condition on April 5, 2006. The administrators of the decedent's estate commenced this action against, among others, Walker and his professional corporation, Richard F. Walker, M.D., F.C.C.P., P.C. (hereinafter together the defendants), to recover damages for medical malpractice and wrongful death.

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants established their prima facie entitlement to judgment as a matter of law. Although the defendants correctly conceded the existence of a triable issue of fact as to whether Walker departed from good and accepted medical practice, they submitted expert affidavits from a general and thoracic surgeon and the decedent's treating oncologist, both of whom opined that the failure to diagnose the decedent's cancer in July 2005 was not a proximate cause of her death (*see Myers v Ferrara*, 56 AD3d 78, 83 [2008]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789, 790 [2008]; *Estate of Mollo v Rothman*, 284 AD2d 299 [2001]; *Treinis v Deepdale Gen. Hosp.*, 173 AD2d 605, 607 [1991]; *Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]). However, the expert affidavit submitted by the plaintiffs in opposition to the defendants' motion raised triable issues of fact as to whether Walker's failure to conduct any investigation into the decedent's condition following her cardioversion procedure on July 7, 2005, such as a biopsy or a further CT scan, with contrast, was a proximate cause of the decedent's death (*see Adjetey v New York City Health & Hosps. Corp.*, 63 AD3d 865 [2009]; *Provost·v Hassam*, 256 AD2d 875, 878-879 [1998]; *McMahon v Badia*, 195 AD2d 445 [1993]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.