<partyblock>

Elliot Frankel, Respondent,

against

Andrew J. Spinnell, Esq., Appellant.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered October 23, 2014. The order, insofar as appealed from, denied the branch of defendant's motion seeking summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.

Plaintiff rented a one-bedroom apartment to four tenants pursuant to a written lease. Due to building violations, the tenants were forced to vacate the apartment and they retained defendant to represent them. Counsel for plaintiff and defendant negotiated an agreement whereby tenants would vacate the apartment in broom-clean condition in exchange for plaintiff's payment of $9,295. Plaintiff's counsel forwarded $9,295 to be held in escrow by defendant pending certain conditions, including that the apartment be in broom-clean condition. Although plaintiff's counsel informed defendant that plaintiff found the apartment "in very poor condition," defendant released the $9,295 to the tenants. As a result, plaintiff commenced this action seeking damages for defendant's alleged breach of his fiduciary duty. Defendant appeals from so much of an order of the Civil Court as denied the branch of his motion seeking summary judgment dismissing the complaint.

It is incumbent on a party moving for summary judgment to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Once such a showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact requiring a trial of the action (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Davenport v County of Nassau, 279 AD2d 497 [2001]). Summary judgment is a drastic remedy which should only be employed where there is no doubt as to the absence of triable issues (see Kolivas v Kirchoff, 14 AD3d 493 [2005]).

Where a lawyer is acting as an escrow agent, he owes the parties to the transaction a fiduciary duty (see Talansky v Schulman, 2 AD3d 355 [2003]). The requisites of an escrow agreement
need not be formalized in writing, and an inquiry [*2]into whether such an obligation exists is fact specific to the particular case (see Webster v Total Identity Corp., 22 Misc 3d 1120[A], 2007 NY Slip Op 52587[U] [Sup Ct, Monroe County 2007], affd 59 AD3d 967 [2009]). An escrow agent, as a fiduciary, has a strict obligation to protect the rights of the parties for whom he or she acts and a duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the agreement (see Farago v Burke, 262 NY 229 [1933]; Grinblat v Taubenblat, 107 AD2d 735 [1985]).

Defendant asserted that there was no escrow agreement and that he did not breach any fiduciary duty by giving the money to the tenants because the apartment was left in broom-clean condition, as evidenced by photographs taken by one of the tenants. Moreover, defendant submitted evidence that he had tried in good faith to contact plaintiff's attorney in order to deal with the matter but that no one had responded.

In opposition to the motion, plaintiff submitted a letter from defendant wherein defendant acknowledged that he was holding money in escrow given to him by plaintiff's attorney to be delivered to defendant's clients, the tenants, upon, among other things, the apartment being vacated in broom-clean condition. Plaintiff averred in his affidavit that the apartment's walls and floors had been intentionally damaged and that the radiator had been destroyed. These allegations were sufficient to raise a triable issue of fact with respect to the condition of the apartment and as to whether defendant breached the escrow agreement by delivering the funds to the tenants when he did. Consequently, the branch of defendant's motion seeking summary judgment was properly denied.

Accordingly, the order, insofar as appealed from, is affirmed.

Pesce, P.J., Solomon and Elliot, JJ., concur.

Decision Date: January 05, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>