■ GITA WEINGARTEN, as Administratrix of the Estate of MATHIS WEINGARTEN, Deceased, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER et al., Respondents. [50 NYS3d 516]—

In an action to recover damages for wrongful death based upon medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated March 10, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this wrongful death action based

upon medical malpractice allegedly committed by the defendants in rendering care and treatment to the decedent for injuries arising from an alleged assault. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

To show that a defendant is liable for medical malpractice, a plaintiff must establish a departure from good and accepted medical practice, and that such departure proximately caused the patient's injuries (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). A defendant establishes his or her prima facie entitlement to judgment as a matter of law with respect to a cause of action alleging medical malpractice by making a showing that there was no departure from the accepted standard of care, or that any departure was not a proximate cause of the patient's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Ross-Germain v Millennium Med. Servs., P.C.*, 144 AD3d 658 [2016]; *Rosen v John J. Foley Skilled Nursing Facility*, 45 AD3d 558 [2007]).

Here, the defendants established, prima facie, that there was no departure from the accepted standard of care and that, in any event, the care rendered by the defendants was not a proximate cause of the decedent's alleged injuries (*see Contreras v Adeyemi*, 102 AD3d 720, 721 [2013]; *Barrett v Hudson Val. Cardiovascular Assoc., P.C.*, 91 AD3d 691, 692-693 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Ahmed v Pannone*, 116 AD3d 802, 806 [2014]; *Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc.*, 91 AD3d 898, 899 [2012]; *Barrett v Hudson Val. Cardiovascular Assoc., P.C.*, 91 AD3d at 692-693). The plaintiff's contention that the medical records and deposition transcripts submitted by the defendants in support of their motion were inadmissible, which she failed to raise before the Supreme Court, is not properly before this Court (*see Hartman v Milbel Enters., Inc.*, 130 AD3d 978 [2015]; *Tomeo v Beccia*, 127 AD3d 1071 [2015]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.