■ DANIEL L. SALAMONE et al., Respondents, v HEFIZ U. REHMAN et al., Appellants, et al., Defendant.—In an action to recover damages for medical malpractice, etc., the defendants Hefiz Ur Rehman, Southside Hospital, Martin Rabin, and Rabin, Matalon & Fuchs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated March 7, 1990, as denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint insofar as it is asserted against the defendants Hefiz Ur Rehman, Southside Hospital, Martin Rabin, and Rabin, Matalon & Fuchs is dismissed, and the action against the remaining defendant is severed.

The infant plaintiff was born at the defendant Southside Hospital. The hospital staff noted shortly after his birth that he had swollen and hardened testicles. Some seven hours

later, physicians determined that exploratory surgery was indicated but a hospital anesthesiologist refused, because of the infant plaintiff's age, to administer anesthesia. The infant plaintiff was thereafter transferred to another hospital and exploratory surgery, culminating in the complete removal of both testicles, was performed approximately 14 hours after the infant's birth. Based, *inter alia,* upon the mushy and jelly-like condition of the testicles observed upon exploratory surgery, the surgeon determined that the blood flow to and from the testicles had been cut off because of a twisting of the spermatic cords and that the resulting death of the testicles had occurred not hours but days before. At an examination before trial, the surgeon, who is not a party to this action, expressed his opinions that even if the exploratory surgery had been performed earlier, the result would have been the same and that there was no means of discovering and correcting the condition before birth.

The appellant physicians and hospital cross-moved for summary judgment relying on various hospital and medical records and the deposition testimony of the surgeon. In opposition, the plaintiffs relied on the assertions of their attorney, including a claim that "our medical expert will testify that immediate care could have saved this child's testicles". No medical evidence supported counsel's assertions.

We conclude that the appellants demonstrated their prima facie entitlement to summary judgment, thus shifting to the plaintiffs the burden of coming forward with evidence demonstrating the existence of genuine triable issues of fact *(see, e.g., Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiffs' counsel's conclusory assertions were inadequate to meet that burden *(see, Alvarez v Prospect Hosp., supra; see also, Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605) and since the record establishes as a matter of law that the appellants' conduct was not a competent producing cause of conditions of which the plaintiffs complain, the Supreme Court should have granted the cross motion for summary judgment *(see, Treinis v Deepdale Gen. Hosp., supra).* Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.