■ ANTHONY MARINACCIO, an Infant, by His Mother and Natural Guardian, CHRISTINA MARINACCIO, et al., Appellants, v SOCIETY OF THE NEW YORK HOSPITAL et al., Defendants, and LAWRENCE HOSPITAL, Respondent. [639 NYS2d 396] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated June 29, 1994, which granted the motion of the defendant Lawrence Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff, who was born two months premature in 1973 currently suffers from profound mental retardation, cerebral palsy, and quadriplegia spasticity, all of which are permanent and require around-the-clock supervision. This action was brought, *inter alia,* against the estates of the obstetricians who treated the injured plaintiff's mother, Lawrence Hospital (hereinafter Lawrence)—where the injured plaintiff was delivered and spent the first three days of his life, and Jerome Strachman—the injured plaintiff's pediatrician during his stay at Lawrence.

A motion for summary judgment was granted in favor of Lawrence by the Supreme Court, which found that there was no issue of fact as to whether Lawrence's alleged negligence, a failure to weigh the baby daily, was a proximate cause of the brain damage the injured plaintiff suffered.

The Supreme Court correctly dismissed this complaint insofar as asserted against the defendant Lawrence based on the injured plaintiff's failure to raise a triable issue of fact as to whether Lawrence's actions were a proximate cause of his injuries. The affidavit of the plaintiffs' expert, which contained conclusory assertions that the injured plaintiff's injuries were the result of improper nourishment, hydration, and inadequate oxygen therapy, failed to meet the plaintiffs' burden of supplying proof sufficient to rebut the affidavit of a neonatalist offered by Lawrence stating his opinion and the factual bases therefor, that the nature and extent of injured plaintiff's disability could not have resulted from the post-birth care of the hospital (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Filec-*

*cia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Vogel v Palmieri,* 221 AD2d 522; *Muscatello v City of New York,* 215 AD2d 463; *Jederlinic v Arya,* 209 AD2d 586; *Toledo v Ordway,* 208 AD2d 518; *Dachille v Good Samaritan Hosp.,* 207 AD2d 373). Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.