■ SANDRA JO RAMSAY et al., Appellants, v GOOD SAMARITAN HOSPITAL et al., Defendants, and MOSHE DEKEL, Respondent. [808 NYS2d 374]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered May 26, 2004, as, upon an order of the same court entered March 23, 2004, inter alia, granting that branch of the motion of the defendant Moshe Dekel which was for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against the defendant Moshe Dekel.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs allege that the defendants were negligent in their treatment of the plaintiff Sandra Jo Ramsay during her pregnancy, labor, and delivery, which caused her to sustain personal injuries and resulted in the death of her newborn infant, Aurora Ramsay. The defendant Holly Jacobsen, a midwife, was retained by Mrs. Ramsay to perform a home birth delivery. The defendant Moshe Dekel agreed to act as the physician backing up the midwife. The guidelines or protocol that governed the relationship between Dekel and Jacobsen provided that Jacobsen was to contact Dekel in the event of any problem during the labor and delivery. While Mrs. Ramsay was in labor, she was attended by Jacobsen, who never contacted Dekel. After delivery, the infant was transported to the hospital and died approximately one hour later. The gravamen of the plaintiffs' cause of action against Dekel is that, as the physician backing up the midwife, he failed to properly supervise Jacobsen during Mrs. Ramsay's labor and delivery, which led to the infant's death from neonatal pneumonia caused by meconium aspiration and resulted in injury to Mrs. Ramsay in the form of an improperly performed episiotomy, and that he failed to properly repair the episiotomy.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). Dekel made a prima facie showing of entitlement to summary judgment

dismissing the malpractice cause of action based upon Mrs. Ramsay's medical records, the deposition testimony, and the affidavit of his medical expert, which denied that he had departed from good and accepted practices, or caused Mrs. Ramsay's injuries or the infant's death. Specifically, Dekel's expert indicated that Dekel complied with all the relevant standards applicable to a physician acting as a backup for a midwife and that he properly repaired the episiotomy performed by Jacobsen (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Fritz v Southside Hosp.*, 182 AD2d 671 [1992]).

In opposition, the affirmation of the plaintiffs' medical expert was insufficient to raise a triable issue of fact as to whether Dekel breached any duty of care owed to Mrs. Ramsey or the infant (*see Holbrook v United Hosp. Med. Ctr., supra*). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat a defendant physician's entitlement to summary judgment (*see Alvarez v Prospect Hosp., supra* at 325). The allegations of the plaintiffs' expert were either conclusory or unsubstantiated. Further, even assuming that Dekel departed from accepted practice, there is no evidence that any such departure was the proximate cause of Mrs. Ramsey's injuries or the infant's death. The affidavit of the plaintiffs' medical expert was silent on the essential issue of proximate cause (*see DiMitri v Monsouri, supra; Fritz v Southside Hosp., supra; Amsler v Verrilli*, 119 AD2d 786 [1986]). Consequently, the Supreme Court properly granted that branch of Dekel's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.