■ KATHRYN REA, Appellant, v MICHAEL J. GALLAGHER et al., Defendants, and JANE F. BROOKS et al., Respondents. [818 NYS2d 490]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 9, 2005, which granted the motion of the defendants Jane F. Brooks and West Orange Medical Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action on behalf of her mother (hereinafter the patient), alleging damages arising from, inter alia, the medical treatment of the patient rendered by the defendants Jane F. Brooks and West Orange Medical Associates, P.C. (hereinafter collectively the respondents). The respondents moved for summary judgment dismissing the complaint insofar as asserted against them. In opposition, the plaintiff submitted, inter alia, an affidavit of a medical expert stating that the respondents' treatment of the patient was not in accordance with good and accepted medical practice. The Supreme Court granted the motion, finding that the plaintiff's expert's affidavit was conclusory in nature, offered only general, unsupported allegations of the respondents' negligence, and therefore, insufficient to defeat the respondents' prima facie showing of entitlement to judgment as a matter of law. We affirm.

The Supreme Court correctly determined that the respondents demonstrated a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate an absence of any triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Mendez v City of New York,* 295 AD2d 487, 488 [2002]). Further, the Supreme Court properly concluded that the plaintiff's submissions in opposition were

insufficient to raise a triable issue of fact with respect to whether the respondents departed from good and accepted medical practice and, if so, whether their departures were a proximate cause of the damages alleged (*see Alvarez v Prospect Hosp., supra* at 324-325). Florio, J.P., Crane, Ritter and Fisher, JJ., concur.