■ DEBRA KEEVAN et al., Appellants, v TERRY RIFKIN et al., Respondents, et al., Defendants. [839 NYS2d 151]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 4, 2006, which granted the motion of the defendants Terry Rifkin and Great Neck Obstetric and Gynecology, P.C., for summary judgment dismissing the complaint insofar as asserted against them and (2), as limited by their brief, from so much of a judgment of the same court entered May 30, 2006 as, upon the order, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted standards of medical practice, and (2) evidence that such a departure was a proximate cause of the plaintiff's injury (*see Bloom v City of New York*, 202 AD2d 465 [1994]). "[O]n a motion for summary judgment, a defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Williams v Sahay*, 12 AD3d 366, 368 [2004]). "In opposition, a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Thompson v Orner*, 36 AD3d 791, 792 [2007] [internal quotation marks omitted]). General allegations that are conclusory and unsupported are insufficient to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, the respondents made a prima facie showing of entitlement to summary judgment dismissing the complaint insofar as asserted against them based upon the affirmation of their expert hematologist, who opined that the delay in diagnosis and treatment of the plaintiff Debra Keevan's blood disorder was not the proximate cause of her injuries. The underlying fact on which his opinion was based was that even after the patient was treated, it still took several days for her to respond to treatment. Thus, the expert concluded that even if Debra Keevan had been treated two days earlier, she still would have had to undergo several days of treatment, and thus, she still would have had to undergo the various surgical procedures to stop the bleeding. In opposition, the plaintiffs failed to raise a triable issue of fact through the affirmed report of their expert as to whether the alleged malpractice was the proximate cause of the injuries. The expert's affirmation was conclusory and unsubstantiated (*see Romano v Stanley*, 90 NY2d 444 [1997]). Therefore, summary judgment dismissing the complaint insofar as asserted against them was properly granted to the respondents. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.