■ LYNNE DOLAN, Respondent, v DAVID HALPERN et al., Defendants, and HAZAR MICHAEL et al., Appellants. [902 NYS2d 585]—

In an action to recover damages for medical malpractice, the defendants Hazar Michael and Winthrop Gastroenterology, P.C., appeal, and the defendants Steven Geier and Alan S. Lipp separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated July 13, 2009, as denied those branches of their separate motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Hazar Michael and Winthrop Gastroenterology, P.C., and the defendants Steven Geier and Alan S. Lipp, which were for summary judgment dismissing the complaint insofar as asserted against them are granted.

The plaintiff commenced this action to recover damages for medical malpractice against, among others, the defendant doctors Steven Geier, Alan Lipp, and Hazar Michael, and Winthrop Gastroenterology, P.C. (hereinafter Winthrop). The plaintiff alleged that Geier, Lipp, and Michael were negligent from September 1, 2002, through November 1, 2004, in their treatment of her, resulting in the need for her to undergo surgery. The plaintiff alleged, inter alia, that those defendants were negligent in failing to administer appropriate tests, in their performance of surgical procedures, and in failing to properly diagnose a bile duct leak.

Geier and Lipp moved, and Michael and Winthrop separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied those branches of the respective motions, finding that the plaintiff raised triable issues of fact in opposition to the appellants' respective prima facie showings of entitlement to judgment as a matter of law. We reverse.

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury. Therefore, on a motion for summary judgment, a defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby. In opposition, a plaintiff then must submit material or evidentiary facts to rebut the defendant's prima facie showing that he or she was not negligent in treating the

plaintiff" (*Langan v St. Vincent's Hosp. of N.Y.*, 64 AD3d 632, 632-633 [2009] [internal quotation marks and citations omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Feinberg v Feit*, 23 AD3d 517, 518-519 [2005]). Here, Geier and Lipp, and Michael and Winthrop, established their entitlement to judgment as a matter of law by submitting, inter alia, expert affirmations that they did not depart from accepted standards of care.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert affidavit failed to address the theory of liability alleged in the plaintiff's bill of particulars regarding the appellants' failure to diagnose a bile duct leak, asserting instead an alternative theory of liability for the first time in opposition to the motions (*see Golubov v Wolfson*, 22 AD3d 635 [2005]; *Winters v St. Vincent's Med. Ctr. of Richmond*, 273 AD2d 465 [2000]; *Alvarez v Lindsay Park Hous. Corp.*, 175 AD2d 225 [1991]; *Kane v City of New York*, 137 AD2d 658, 659-660 [1988]), failed to address the specific contentions of the appellants' experts, and otherwise was speculative and conclusory (*see Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716, 719 [2006]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Lane v Feinberg*, 293 AD2d 654, 655 [2002]; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). Accordingly, the Supreme Court should have granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against the appellants. Mastro, J.P., Covello, Eng and Belen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31596(U).]**