■ IVETTE SHEYANNE SIMMONS et al., Appellants-Respondents, v BROOKLYN HOSPITAL CENTER et al., Respondents, and BEDFORD-WILLIAMSBURG MEDICAL GROUP et al., Respondents-Appellants, et al., Defendants. [903 NYS2d 521]—

In an action to recover damages for medical malpractice, etc., (1) the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated July 13, 2009, as granted the motion of the defendants Patrick LeBlanc and the Brooklyn Hospital Center for summary judgment dismissing the complaint insofar as asserted against them, granted the cross motion of the defendant Leone L. Waltrous for summary judgment dismissing the complaint insofar as asserted against her, and granted those branches of the cross motion of the defendants Philippe J. Day, Bedford-Williamsburg Medical Group, and Central Brooklyn Medical Group, P.C., which were for summary judgment dismissing the complaint insofar as asserted against the defendant Philippe J. Day and insofar as it asserted vicarious liability claims against the defendants Bedford-Williamsburg Medical Group and Central Brooklyn Medical Group, P.C., for the alleged medical malpractice of the defendants Philippe J. Day and Leone L. Waltrous, (2) the defendants Philippe J. Day, Bedford-Williamsburg Medical Group, and Central Brooklyn Medical Group, P.C., cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as it asserted vicarious liability claims against the defendants Bedford-Williamsburg Medical Group and Central Brooklyn Medical Group, P.C., for the alleged medical malpractice of the defendant Snehaprabha Lotlikar, (3) the defendant Leone L. Waltrous separately cross-appeals from stated portions of the same order, and (4) the defendant Snehaprabha Lotlikar separately cross-appeals from so much of the same order as denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the cross appeal by the defendant Leone L. Waltrous is dismissed; and it is further,

Ordered that the order is reversed insofar as cross-appealed from by the defendants Philippe J. Day, Bedford-Williamsburg Medical Group, Central Brooklyn Medical Group, P.C., and Snehaprabha Lotlikar, that branch of the cross motion of the defendants Philippe J. Day, Bedford-Williamsburg Medical Group, and Central Brooklyn Medical Group, P.C., which was for summary judgment dismissing the complaint insofar as it

asserted vicarious liability claims against the defendants Bedford-Williamsburg Medical Group and Central Brooklyn Medical Group, P.C., for the alleged medical malpractice committed by the defendant Snehaprabha Lotlikar is granted, the cross motion of the defendant Snehaprabha Lotlikar for summary judgment dismissing the complaint insofar as asserted against her is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Philippe J. Day, Leone L. Waltrous, Snehaprabha Lotlikar, Patrick LeBlanc, the Brooklyn Hospital Center, Bedford-Williamsburg Medical Group, and Central Brooklyn Medical Group, P.C., appearing separately and filing separate briefs, payable by the plaintiffs.

The appeal by the defendant Leone L. Waltrous (hereafter Dr. Waltrous) must be dismissed on the ground that she is not aggrieved by the order appealed from (see CPLR 5511). The issues raised on Dr. Waltrous's appeal have been considered in support of her contention that the order appealed from should be affirmed to the extent it granted her cross motion for summary judgment dismissing the complaint insofar as asserted against her (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]).

On May 23, 1994, the wife of the plaintiff Ulysses Simmons gave birth to their daughter, the infant plaintiff, Ivette Sheyanne Simmons, following what was an otherwise normal and uncomplicated pregnancy, via vaginal delivery after about two hours of labor, at the defendant Brooklyn Hospital Center (hereafter the Hospital). However, according to medical records, the infant plaintiff was born macrosomic (excessive size), blue and diagnosed with fetal hydrops, also referred to as hydrops fetalis (total body edema) presumably due to intrauterine infection, resulting in anemia, thrombocytopenia (low platelet count), and brain hemorrhage. The infant was subsequently diagnosed with cerebral palsy involving global developmental delays and seizures.

The plaintiffs commenced this medical malpractice action against, among others, the defendant Snehaprabha Lotlikar (hereinafter Dr. Lotlikar), an employee of the defendant Bedford-Williamsburg Medical Group, which is also sued herein as the defendant Central Brooklyn Medical Group, P.C. (hereafter together Bedford-Williamsburg). Dr. Lotlikar saw the mother during the 34th week of pregnancy on April 13, 1994, and then again on April 27th, 1994, during the 35th to 36th week of

pregnancy. The plaintiffs alleged that Dr. Lotlikar deviated from accepted medical practice by failing to perform a sonogram on each of those visits, and that said departure was a proximate cause of the infant plaintiff's injuries because it would have revealed her macrosomic condition and fetal hydrops, which in turn would have led to delivery via cesarean section. Additionally, the plaintiffs commenced this action against the defendant Philippe J. Day (hereinafter Dr. Day), who was also employed by Bedford-Williamsburg, and who was involved in the first hour of the mother's labor at the Hospital, alleging that he deviated from accepted medical practice by failing to perform a sonogram. The plaintiffs also sought relief against Dr. Waltrous, who was also employed by Bedford-Williamsburg, and who was involved in the second hour of the mother's labor and actually delivered the infant plaintiff, alleging that she deviated from accepted medical practice by failing to perform a sonogram (*id.*). The plaintiffs also sought relief against Patrick LeBlanc (hereafter Dr. LeBlanc), who was employed by the Hospital, and who treated the infant plaintiff immediately following her delivery in the Hospital's neonatal intensive care unit for her hydrops fetalis condition, alleging that he deviated from accepted medical practice by engaging in a more conservative course of treatment, rather than performing aggressive treatment referred to as paracentesis and thoracentesis (the insertion of tubes into the body to remove fluids therefrom). Additionally, the plaintiffs seek to hold the Hospital vicariously liable for Dr. LeBlanc's alleged medical malpractice, and to hold Bedford-Williamsburg vicariously liable for the alleged medical malpractice of Drs. Lotlikar, Day, and Waltrous. These defendants moved and cross-moved for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court granted the motion and cross motions by Drs. Day, Waltrous, and LeBlanc, as well as the Hospital, in their entirety. However, the Supreme Court denied Dr. Lotlikar's cross motion, and consequently, awarded summary judgment only to Bedford-Williamsburg dismissing the complaint to the extent it asserted vicarious liability claims against Bedford-Williamsburg for the alleged medical malpractice of Drs. Day and Waltrous.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563 [2009]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]).

"On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen*, 41 AD3d at 458 [citations omitted]; *see Thompson v Orner*, 36 AD3d 791 [2007]; *Keevan v Rifkin*, 41 AD3d 661 [2007]). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Thompson v Orner*, 36 AD3d 791 [2007]; *Keevan v Rifkin*, 41 AD3d 661 [2007]).

In opposition to the prima facie showing of judgment as a matter of law by Drs. Day, Waltrous, and LeBlanc, the plaintiffs submitted a medical expert opinion which was conclusory and speculative, and otherwise insufficient in form and substance to raise a triable issue of fact (*see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Ramsay v Good Samaritan Hosp.*, 24 AD3d 645 [2005]; *Salamone v Rehman*, 178 AD2d 638 [1991]; *Marinaccio v Society of N.Y. Hosp.*, 224 AD2d 596 [1996]). Accordingly, the Supreme Court correctly granted summary judgment to those doctors dismissing the complaint insofar as asserted against them. Consequently, the Supreme Court also correctly granted summary judgment to the Hospital dismissing the vicarious liability claims asserted against it pertaining to Dr. LeBlanc, as well as the vicarious liability claims asserted against Bedford-Williamsburg pertaining to Drs. Day and Waltrous (*see Furey v Kraft*, 27 AD3d 416 [2006]; *Dixon v Freuman*, 175 AD2d 910 [1991]; *cf. Keitel v Kurtz*, 54 AD3d 387 [2008]).

As to Dr. Lotlikar, the plaintiffs' opposition to her prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her, was conclusory and speculative, particularly on the issue of proximate causation and, therefore, her cross motion should have been granted as well (*see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Ramsay v Good Samaritan Hosp.*, 24 AD3d 645 [2005]; *Salamone v Rehman*, 178 AD2d 638 [1991]; *Marinaccio v Society of N.Y. Hosp.*, 224 AD2d 596 [1996]). Specifically, the plaintiffs' medical expert's opinion that a sonogram performed at weeks 34, 35, or 36 of pregnancy would have detected hydrops fetalis, is based on the speculative assumption that the in utero infection that caused this condition was present at that time. Indeed, Dr. Lotlikar's expert observed that the medical record is void of any indication that the mother was suffering from an in utero infection during her two visits with Dr. Lotlikar. Inasmuch as sum-

mary judgment should have been awarded to Dr. Lotlikar dismissing the complaint insofar as asserted against her, the same applies to the vicarious liability claims asserted against her employer, Bedford-Williamsburg, pertaining to her alleged medical malpractice (*cf. Keitel v Kurtz*, 54 AD3d 387 [2008]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.