■ Joseph Garbowski, Jr., et al., Appellants-Respondents, v Hudson Valley Hospital Center et al., Respondents-Appellants, and Michael Lasser, Respondent, et al., Defendants. [924 NYS2d 567]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated February 3, 2010, as granted those branches of the motion of the defendants Obstetrics and Gynecology Associates and Jay Kalinsky which were for summary judgment dismissing the complaint insofar as asserted against them except to the extent the complaint alleges a failure by those defendants to continually monitor the fetal heart rate during the administration of Pitocin and a failure to perform a more timely cesarean section, granted those branches of the motion of the defendant Hudson Valley Hospital Center which were for summary judgment dismissing the complaint insofar as asserted against it except to the extent the complaint alleges a failure by that defendant to continually monitor the fetal heart rate, and granted the motion of the defendant Mi-

chael Lasser for summary judgment dismissing the complaint insofar as asserted against him, the defendant Hudson Valley Hospital Center cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it to the extent the complaint alleges a failure to continually monitor the fetal heart rate, and the defendants Obstetrics and Gynecology Associates and Jay Kalinsky separately cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them to the extent the complaint alleges a failure by those defendants to continually monitor the fetal heart rate during the administration of Pitocin and a failure to perform a more timely cesarean section.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Michael Lasser, payable by the plaintiffs.

The defendant Jay Kalinsky and his practice, the defendant Obstetrics and Gynecology Associates (hereinafter together Dr. Kalinsky), provided prenatal treatment to the plaintiff Stephanie Garbowski during her pregnancy in 2001, which was complicated by a diagnosis of gestational diabetes. In accordance with his standard practice of treatment for patients with gestational diabetes, Dr. Kalinsky made the decision to induce labor at the defendant Hudson Valley Hospital Center (hereinafter the hospital), which involved the administration of Pitocin, a labor-inducing medication that required electronic monitoring of the fetal heart rate. During labor, a number of late decelerations in the fetal heart rate were detected, and Dr. Kalinsky made the decision to deliver the infant plaintiff by cesarean section. The defendant Michael Lasser (hereinafter Dr. Lasser) was the attending pediatrician during the infant plaintiff's delivery and hospitalization and provided care and treatment to the infant plaintiff in the months after his birth.

The plaintiffs commenced this medical malpractice action against, among others, Dr. Kalinsky, Dr. Lasser, and the hospital, alleging that various deviations from accepted medical practice by these defendants in prenatal care, during labor and delivery, and in treating the infant plaintiff after birth proximately caused the infant plaintiff's neurological and developmental injuries. Thereafter, each of these defendants moved for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court denied those branches of Dr. Kalinsky's motion which were for summary judgment dismissing the

complaint insofar as asserted against him to the extent the complaint alleges a failure to continually monitor the fetal heart rate during the administration of Pitocin and a failure to perform a more timely cesarean section, but otherwise granted the motion for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court also denied the hospital's motion as to the plaintiffs' cause of action alleging a failure on the part of its nursing staff to continually monitor the fetal heart rate during the administration of Pitocin, but otherwise granted the motion for summary judgment dismissing the remainder of the complaint insofar as asserted against it. The Supreme Court granted Dr. Lasser's motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiffs appeal, and Dr. Kalinsky and the hospital separately cross-appeal. We affirm.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Heller v Weinberg*, 77 AD3d 622, 622 [2010]; *see Stukas v Streiter*, 83 AD3d 18 [2011]; *Dolan v Halpern*, 73 AD3d 1117, 1118 [2010]). "On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Heller v Weinberg*, 77 AD3d at 622-623; *see Stukas v Streiter*, 83 AD3d at 24; *Dolan v Halpern*, 73 AD3d at 1118). In opposition, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (*Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *see Stukas v Streiter*, 83 AD3d at 24; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1098 [2010]). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Deutsch v Chaglassian*, 71 AD3d at 719).

Here, Dr. Kalinsky established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, his deposition testimony and his affidavit, in which he asserted that he did not deviate from accepted standards of medical practice (*see Joyner-Pack v Sykes*, 54 AD3d 727, 729 [2008]; *Thomas v Richie*, 8 AD3d 363, 364 [2004]), and an affirmation from an expert who opined that the cause of the infant plaintiff's injuries was genetically based and, thus, any departure from accepted stan-

dards of medical practice was not the proximate cause of the injuries. However, in opposition, the plaintiffs raised triable issues of fact by submitting affirmations of two physicians asserting that Dr. Kalinsky failed to continuously monitor the fetal heart rate during the administration of Pitocin and failed to initiate an emergent C-section rather than an urgent C-section, and that these deviations from accepted medical practice proximately caused the infant plaintiff's injuries (see Brady v Westchester County Healthcare Corp., 78 AD3d at 1099; Feinberg v Feit, 23 AD3d 517, 519 [2005]; Erbstein v Savasatit, 274 AD2d 445, 445-446 [2000]; cf. Shectman v Wilson, 68 AD3d 848, 849-850 [2009]). Contrary to the plaintiffs' contention, however, their expert affirmations were otherwise conclusory and failed to address the specific assertions of Dr. Kalinsky with respect to the remaining theories of liability asserted against him (see Alvarez v Prospect Hosp., 68 NY2d at 325; Graziano v Cooling, 79 AD3d 803, 804-805 [2010]). Accordingly, the Supreme Court properly granted those branches of Dr. Kalinsky's motion which were for summary judgment dismissing the complaint insofar as asserted against him except to the extent that the complaint alleges a failure by Dr. Kalinsky to continually monitor the fetal heart rate during the administration of Pitocin and a failure to perform a more timely cesarean section.

The hospital established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, an expert affirmation asserting that the Hospital nursing staff did not deviate from accepted standards of medical practice and that, in any event, any departure was not the proximate cause of the infant plaintiff's injuries. In opposition, the plaintiffs' two medical experts raised a triable issue of fact by asserting that the nursing staff failed to continuously monitor the fetal heart rate during the administration of Pitocin, and that this deviation from accepted medical practice proximately caused the infant plaintiff's injuries (see Costello v Kirmani, 54 AD3d 656, 657 [2008]). However, the affirmations of the plaintiffs' experts, including the entirety of an affirmation from a registered nurse, were otherwise conclusory and failed to address the specific assertions of the hospital's expert with respect to the remaining theories of liability asserted against it. Accordingly, the Supreme Court properly granted the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it except to the extent that the complaint alleges a failure to continually monitor the fetal heart rate.

Dr. Lasser established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, an expert af-

firmation asserting that he did not deviate from accepted standards of medical practice and that, in any event, any departure was not the proximate cause of the infant plaintiff's injuries. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to any departure from accepted standards of medical practice on the part of Dr. Lasser, as their expert in pediatrics and neurology offered conclusory and unsubstantiated allegations of malpractice (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178 [2010]; *Ramsay v Good Samaritan Hosp.*, 24 AD3d 645, 647 [2005]). Accordingly, the Supreme Court properly granted Dr. Lasser's motion for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.