■ BEATRICE BARRETT, Appellant, v HUDSON VALLEY CARDIO-VASCULAR ASSOCIATES, P.C., Doing Business as THE HEART CENTER, et al., Respondents, et al., Defendants. [936 NYS2d 304]—

On October 16, 2007, the plaintiff underwent a chemical stress test, known as a Myocardial Perfusion Study with Nuclear Imaging, at the defendant Hudson Valley Cardiovascular Associates, P.C., doing business as the Heart Center (hereinafter the Heart Center). The test involves the establishment of an intravenous (hereinafter IV) line and the insertion of an IV needle into the veins of a patient's arm to enable the administration of the chemical Adenosine, a procedure which takes the place of the physical exercise and exertion frequently induced for the purpose of measuring heart function. The plaintiff alleged that the defendant Pamela Torres, a registered nurse employed by the Heart Center, negligently established the IV line and injured her right median nerve while inserting a butterfly needle in her right arm slightly above the elbow. The

plaintiff claimed that the nerve injury caused permanent damage to her right arm and constant pain to her right arm, shoulder, and several fingers.

On a motion for summary judgment, the defendant has the "burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *see Stukas v Streiter*, 83 AD3d 18 [2011]; *Keevan v Rifkin*, 41 AD3d 661 [2007]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]). To successfully oppose the motion, the plaintiff "must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (*Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *see Garbowski v Hudson Val. Hosp. Ctr.*, 85 AD3d 724, 726 [2011]). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565 [2009]).

Torres and the Heart Center (hereinafter together the defendants) established their prima facie entitlement to judgment as a matter of law by submitting the expert affidavits of a neurologist and a cardiologist. Both expert affidavits were detailed and concluded that, based on the medical records, there was no objective evidence that the plaintiff's injuries were related to the establishment and insertion of the IV line and needle by Torres. In opposition, the plaintiff submitted an affidavit from a registered nurse, Mari Cordes, and an affirmation from neurologist Michael Weintraub. Both of the plaintiff's experts concluded that the plaintiff suffered from a nerve injury, which was caused by Torres's establishment and insertion of the IV line and needle into her veins during the course of the chemical stress test. However, Cordes did not explain how Torres's alleged deviations from the standard of care, including the alleged failure to explain the procedure to the plaintiff and follow up on the plaintiff's complaints, resulted in injury to the plaintiff's nerve, and did not refer to any facts or evidence to support her conclusion that the plaintiff's injury was proximately caused by Torres's actions. Similarly, Dr. Weintraub's affirmation and attached report were conclusory, and summarily stated that the plaintiff suffered from a nerve injury caused by Torres's insertion of the IV needle during the stress test. Dr. Weintraub's affirmation and report also failed to address the contentions raised by the defendants' experts and failed to refer

to any specific facts or other evidence to support his conclusion that the plaintiff's right median nerve was injured by the establishment and insertion of the IV line and needle. Accordingly, neither Cordes's affidavit, nor Dr. Weintraub's affirmation and report, were sufficient to raise a triable issue of fact as to whether Torres's alleged deviations were a proximate cause of the plaintiff's injuries (see Garbowski v Hudson Val. Hosp. Ctr., 85 AD3d at 727; Andreoni v Richmond, 82 AD3d 1139, 1140 [2011]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]; DiMitri v Monsouri, 302 AD2d 420, 421 [2003]). Thus, the Supreme Court properly granted the separate motions of Torres and the Heart Center for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.