■ MICHAEL A. SWANSON et al., Appellants, v RAGHAVA RAJU, Respondent, et al., Defendant. [945 NYS2d 101]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (McMahon, J.), dated April 1, 2011, which granted the motion of the defendant Raghava Raju for summary judgment dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court dated April 26, 2011, which, upon the order, is in favor of the defendant Raghava Raju and against them, in effect, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see CPLR 5501 [a] [1]).

In September 2006 the injured plaintiff, Michael Swanson, who was then 49 years old, accidentally cut his hand with a knife while at work, severing the third flexor tendon of his right hand. Several days later, the defendant Raghava Raju surgically repaired the tendon and immobilized the injured plaintiff's right hand in a cast for one month following the operation. Thereafter, Raju prescribed physical therapy. The injured plaintiff, however, allegedly was not able to begin physical therapy until two months later because his employer's worker's compensation carrier refused to authorize it. The injured plaintiff continued to experience pain and limited functional capabilities associated with his injury. He eventually sought treatment with another doctor, who, in 2008, performed corrective surgeries. The injured plaintiff, and his wife, suing derivatively, commenced this action against, among others, Raju, to recover damages for medical malpractice and lack of informed consent. They alleged that Raju deviated from good and accepted medical practice in rendering post-operative care to the injured plaintiff by immobilizing his hand in a cast for one month and failing to prescribe physical therapy until the cast was removed, thus requiring him to undergo additional surgeries and causing him to suffer greater pain and functional impairment. Following discovery, Raju moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted Raju's motion.

To establish a defendant's liability for medical malpractice, a plaintiff must prove that the defendant proximately caused his or her injuries by departing from accepted community standards of practice (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). A defendant seeking summary judgment in a malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries (*see Heller v Weinberg*, 77 AD3d at 622-623). In opposition, the plaintiff must demonstrate the existence of a triable issue of fact only as to the elements on which the defendant has met his or her initial burden (*see Stukas v Streiter*, 83 AD3d at 23-24).

Here, Raju demonstrated, prima facie, both that he did not depart from the applicable standard of care in the injured plaintiff's post-operative treatment and that, in any event, no alleged departure proximately caused the injuries for which the plaintiffs seek to hold him responsible. Raju's expert, Dr. Hubert Weinberg, opined that those injuries were known consequences and complications of the injured plaintiff's initial injury and the

surgery Raju performed. Limitations in the injured plaintiff's recovery were also due to his age when he suffered his initial injury and his two-month delay in obtaining the physical therapy that Raju had prescribed (*see Rebozo v Wilen*, 41 AD3d 457 [2007]).

Since Raju made a prima facie showing as to the absence of both departure and causation, the plaintiffs were required to raise a triable issue of fact as to both of those elements (*see Stukas v Streiter*, 83 AD3d at 25; *Orsi v Haralabatos*, 89 AD3d 997, 998 [2011], *lv granted* 18 NY3d 809 [2012]). Through the submission of the redacted affirmation of an expert plastic surgeon, the plaintiffs succeeded in raising a triable issue of fact on the issue of departure from accepted community standards of medical practice, but not as to proximate cause (*see Orsi v Haralabatos*, 89 AD3d at 998; *Wilkins v Khoury*, 72 AD3d 1067, 1068 [2010]). The plaintiffs' expert raised a triable issue of fact as to departure by asserting and explaining that the applicable standard of care required that the injured plaintiff begin passive mobilization therapy within 48 hours after the surgery (*see Garbowski v Hudson Val. Hosp. Ctr.*, 85 AD3d 724, 726-727 [2011]). The expert opined as well that the extended immobilization of the injured plaintiff's finger and Raju's one-month delay in prescribing therapy proximately caused the injured plaintiff's claimed injuries. The expert's assertions as to causation, however, were conclusory. The expert failed to address important elements of Dr. Weinberg's affirmation, including the expected limits in the injured plaintiff's recovery given his age when the incident occurred and his noncompliance with Raju's recommendation as to physical therapy (*see Barrett v Hudson Val. Cardiovascular Assoc., P.C.*, 91 AD3d 691, 692-693 [2012]; *Andreoni v Richmond*, 82 AD3d 1139, 1140 [2011]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). The expert's affirmation also failed to take into account the result of an MRI examination of the injured plaintiff's finger. The expert opined that Raju's alleged departures in September through December 2006 proximately caused a delay in the diagnosis of a ruptured tendon. The MRI, however, which was taken in May 2007, indicated that there was no rupture at that time. Consequently, the expert's assertion failed to raise a triable issue of fact on whether the alleged departure caused a delay in the diagnosis of the rupture (*see Graziano v Cooling*, 79 AD3d 803, 805 [2010]; *Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178 [2010]; *Germaine v Yu*, 49 AD3d 685, 687 [2008]; *Chance v Felder*, 33 AD3d 645, 646 [2006]; *Slone v Salzer*, 7 AD3d 609, 610 [2004]).

Accordingly, the Supreme Court properly granted Raju's mo-

tion for summary judgment dismissing the complaint insofar as asserted against him. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.