In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, *810 J.), dated December 12, 2011, as granted that branch of the defendant’s motion which was for summary judgment dismissing the first and third causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
In a medical malpractice action, the requisite elements of proof are a deviation or departure from accepted community standards of medical care and evidence that such departure was a proximate cause of injury or damage (see Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]; Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482 [2004]). “A defendant seeking summary judgment in a medical malpractice action bears the burden of establishing, prima facie, either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff’s injuries (see Swanson v Raju, 95 AD3d 1105, 1106 [2012] ). In opposition, the plaintiff must demonstrate the existence of a triable issue of fact only as to the elements on which the defendant has met his or her initial burden” (Rivers v Birnbaum, 102 AD3d 26, 43 [2012], citing Stukas v Streiter, 83 AD3d 18, 23-24 [2011]).
Here, the defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the first and third causes of action by submitting two detailed expert affidavits which demonstrated that there was no departure from accepted community standards of care and that, in any event, the defendant’s treatment was not the proximate cause of any of the plaintiffs’ claimed injuries. In opposition, the plaintiffs’ expert did not address important elements set forth by the defendant’s expert regarding causation (see Swanson v Raju, 95 AD3d at 1106-1107; see also Rivers v Birnbaum, 102 AD3d at 43; Bendel v Rajpal, 101 AD3d 662 [2012]; DiGiaro v Agrawal, 41 AD3d 764 [2007]). To the extent causation was addressed, the plaintiffs’ expert’s affirmation was conclusory and speculative and, accordingly, was insufficient to raise a triable issue of fact (see Shashi v South Nassau Communities Hosp., 104 AD3d 838 [2013]; Rivers v Birnbaum, 102 AD3d at 31-32; Simmons v Brooklyn Hosp. Ctr., 74 AD3d 1174 [2010]).
Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the first and third causes of action, which alleged medical malpractice and loss of consortium, respectively. Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.