■ ELLA GENTILE, Appellant, v NINA IMASI MCFARLANE-JOHANSSON et al., Respondents. [969 NYS2d 118]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (McMahon, J.), dated November 4, 2011, which granted the separate motions of the defendants James Juh Shen and James Juh Shen, M.D., P.C., the defendant Lawrence Bodenstein, and the defendants Nina Imasi McFarlane-Johansson, Brian David Giordano, Barbara Ann Davies, James Edward DiPoce, Janice Hwang, Yelena Zinovjevna Sheydina, and Staten Island University Hospital which were for summary judgment dismissing the amended complaint insofar as asserted against each of them, and (2) a judgment of the same court entered November 15, 2011, which upon the order, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order dated must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a medical malpractice action, the requisite elements of proof are a deviation or departure from accepted community standards of medical care and evidence that such departure was a proximate cause of injury or damage (*see Sukhraj v New York City Health & Hosps. Corp.*, 106 AD3d 809 [2013]; *Wexelbaum v Jean*, 80 AD3d 756 [2011]). A defendant seeking summary judgment in a malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries (*see Swanson v Raju*, 95 AD3d 1105, 1106 [2012]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden (*see Sukhraj v New York City Health & Hosps. Corp.*, 106 AD3d at 809; *Swanson v Raju*, 95 AD3d at 1106; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, the moving defendants demonstrated their prima facie entitlement to judgment as a matter of law through the affirmations of their respective experts, who opined that there were no departures from accepted practice in the treatment of the plaintiff's condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wexelbaum v Jean*, 80 AD3d at 757). In opposition, the plaintiff failed to raise a triable issue of fact. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.