In an action to recover damages for medical malpractice and wrongful death, the defendant Orange Regional Medical Center-Horton Campus appeals from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated May 3, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for leave to amend her bill of particulars.
Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendant Orange Regional Medical Center-Horton Campus for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant Orange Regional Medical Center-Horton Campus and the defendants Kweon I. Stambaugh and Crystal Run Health Care, LLP appearing separately and filing separate briefs.
The plaintiffs decedent underwent a tracheostomy at the defendant Orange Regional Medical Center-Horton Campus (hereinafter ORMC), performed by the defendant physician Kweon I. Stambaugh, an employee of the defendant Crystal Run Health Care, LLP (hereinafter CRHC). The following day, the tracheostomy tube allegedly became dislodged while the decedent was being turned over in bed by the ORMC nursing staff so that they could bathe her. The decedent’s oxygen saturation level dropped. The nurses attempted to use an Ambubag through the tracheostomy tube to provide oxygen to the decedent. A subcutaneous emphysema formed around the tube, indicating that the air was going into the tissue in the neck, around the tube. The nurses called Dr. John Ferguson, a critical care specialist who was in the critical care unit at the time, to the decedent’s bedside. The nurses also paged the defendant Haitham Mohammad Nsour, a pulmonologist, and Dr. Kothari, *775 an anesthesiologist. Dr. Ferguson used an intubating broncho-scope to attempt to establish an airway. When that was unsuccessful, he attempted to find the opening in the trachea using his fingers. The doctors were unable to establish an airway in time to prevent the decedent’s death. Following the commencement of this action and the completion of discovery, ORMC moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for leave to amend her bill of particulars to assert additional theories of liability against ORMC, Stambaugh, and CRHC.
A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden (see Gentile v McFarlane-Johansson, 108 AD3d 499 [2013]; Sukhraj v New York City Health & Hosps. Corp., 106 AD3d 809 [2013]; Rivers v Birnbaum, 102 AD3d 26, 43 [2012]; Swanson v Raju, 95 AD3d 1105 [2012]). ORMC established its prima facie entitlement to judgment as a matter of law through the submission of the affirmation of its medical expert, the decedent’s medical records, and the transcripts of deposition testimony (see Matos v Schwartz, 104 AD3d 650 [2013]; Perro v Schappert, 47 AD3d 694 [2008]; Ramsay v Good Samaritan Hosp., 24 AD3d 645 [2005]). Through this evidence, ORMC established, prima facie, that it did not depart from the applicable standard of care. In opposition, the plaintiff submitted an expert affirmation that was speculative and conclusory. The plaintiffs expert failed to identify or define the applicable standard of care, and to set forth the manner in which the conduct of ORMC’s nursing staff deviated from that standard of care (see Poblocki v Todoro, 49 AD3d 1239 [2008]; Snyder v Simon, 49 AD3d 954 [2008]). The assertions of the plaintiff’s expert were unsupported by competent evidence tending to establish the essential elements of medical malpractice against ORMC, and, thus, were insufficient to defeat its motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Bendel v Rajpal, 101 AD3d 662 [2012]; Arkin v Resnick, 68 AD3d 692 [2009]; Myers v Ferrara, 56 AD3d 78 [2008]; Rea v Gallagher, 31 AD3d 731 [2006]).
The court providently exercised its discretion in denying the plaintiffs cross motion for leave to amend her bill of particulars, as she offered no reasonable excuse for the delay in making the *776 cross motion once she was aware of the facts upon which the cross motion was predicated, and ORMC, Stambaugh, and CRHC would have been prejudiced if leave to amend had been granted (see Schreiber-Cross v State of New York, 57 AD3d 881 [2008]; Navarette v Alexiades, 50 AD3d 869 [2008]; Cohen v Ho, 38 AD3d 705 [2007]).
Mastro, J.E, Chambers, Lott and Duffy, JJ., concur.