■ VALERIE Y.C. WONG, as Administrator of the Estate of RONGSHAN XU, Also Known as RONG SHAN XU, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [30 NYS3d 921]—

In an action to recover damages for wrongful death based upon medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), entered May 30, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an

order of the same court dated September 29, 2014, which denied her motion for leave to reargue her opposition to the defendants' prior motion.

Ordered that the order entered May 30, 2014, is affirmed; and it is further,

Ordered that the appeal from the order dated September 29, 2014, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this wrongful death action based upon medical malpractice allegedly committed by the defendants in rendering care and treatment to her decedent, Rongshan Xu, for injuries arising from an alleged assault. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff then moved for leave to reargue her opposition to the defendants' prior motion, and the court denied the motion. The plaintiff appeals from both orders.

In order to show that a physician is liable for medical malpractice, a plaintiff must establish a departure from good and accepted medical practice, and that such departure proximately caused the patient's injuries (see Stukas v Streiter, 83 AD3d 18, 23 [2011]; Heller v Weinberg, 77 AD3d 622, 622 [2010]). "[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d at 24; see Makinen v Torelli, 106 AD3d 782, 783-784 [2013]).

Here, the defendants established, prima facie, that there was no departure from the accepted standard of care and, in any event, the care rendered by the defendants was not a proximate cause of the decedent's injuries (see Contreras v Adeyemi, 102 AD3d 720, 721 [2013]; Barrett v Hudson Val. Cardiovascular Assoc., P.C., 91 AD3d 691, 692-693 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (see Ahmed v Pannone, 116 AD3d 802, 806 [2014]; Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc., 91 AD3d 898, 899 [2012]; Barrett v Hudson Val. Cardiovascular Assoc., P.C., 91 AD3d at 692-693). Accordingly, the Supreme Court, in its order entered May 30, 2014, properly granted the defendants' motion for summary judgment.

In the subsequent order dated September 29, 2014, the Supreme Court described the underlying motion as one for leave to renew. However, the plaintiff had correctly denomi-

nated her motion as one for leave to reargue. Therefore, we must dismiss the appeal from that order, as no appeal lies from an order denying reargument (*see Czarnecki v Corso*, 81 AD3d 774 [2011]). Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.